IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY L. WILLIAMS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MENDOZA-POWERS,<br><br>Respondent. | No. CV-F-05-761 REC/LJO HC<br><br>ORDER VACATING RECOMMENDATION AND REMANDING TO UNITED STATES MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts as his ground for relief:  "Inaccurate Prison Records. Prison officials have failed to audit Petitioner's central filed and update leading to restrictive custody.  Liberty interest violation."  In support of this ground for relief, petitioner alleges:

> Petitioner was assessed an 'R' suffix and "sex" determinant to alert staff he has a crime, sexual in nature, pursuant to Cal.Code of Regulations.  Petitioner has no history of sex offenses other than the charges acquitted of on Case No. RIF091448 ....

1

1    On August 22, 2005, the United States Magistrate Judge
2 recommended that the petition for writ of habeas corpus be
3 dismissed because the petition does not allege a ground that
4 would entitle petitioner to habeas relief, finding in pertinent
5 part:

> Petitioner is challenging the conditions of his confinement, not the fact or duration of his confinement.  Therefore, his claim should be raised in a civil rights action.  To the extent that Petitioner's challenge seeks to implicate a liberty interest protected by due process, his challenge fails.  In a habeas proceeding, a prisoner is only entitled to due process protection for State action that would 'inevitably affect the duration of his sentence.'  Sandlin v. Conner, 515 U.S. 472, 487 ... (1995).  In this case, Petitioner's classification has no bearing on the duration of his sentence.  Thus, Petitioner is not entitled to habeas relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint under 42 U.S.C. § 1983.

16    Petitioner timely filed objections to the recommendation.
17 In his objections, petitioner contends that the allegedly
18 erroneous classification "will keep Petitioner in a more
19 restrictive custody level and will bar him from Level I camp
20 placement where he will receive two days credit for every one day
21 spent in custody."

22    In Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989),
23 the Ninth Circuit held that "[h]abeas corpus jurisdiction ...
24 exists when a petitioner seeks expungement of a disciplinary
25 finding from his record if expungement is likely to accelerate
26 the prisoner's eligibility for parole."  "Bostic thus holds that

2

the likelihood of the effect on the overall length of the prisoner's sentence ... determines the availability of habeas corpus." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1063 (2004).  In <u>Docken v. Chase</u>, 393 F.3d 1024, 1028-1029 (9th Cir. 2004), the Ninth Circuit explained that <u>Bostic</u>

> defined a class of suits outside the 'core' habeas cases identified [by the Supreme Court in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)].  Success on the merits in such cases would not '<u>necessarily</u>' implicate the fact or duration of confinement.  Instead such claims have, at best, only a <u>possible</u> relationship to the duration of a prisoner's confinement, as eligibility for parole is distinct from entitlement to parole.

The Ninth Circuit held in <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) that challenges to the procedures used in denying parole are only cognizable via habeas.[1]  However, in <u>Neal v. Shinoda</u>, 131 F.3d 818 (9th Cir. 1997), two prisoners challenged their administrative placement in Hawaii's "Sex Offender Treatment Program" (SOTP), a placement that made them ineligible for parole.  The prisoners brought their claims under Section 1983.  The Ninth Circuit affirmed the propriety of Section 1983 as an avenue for relief:

> If Neal and Martinez are successful in their challenged of the SOTP and their labeling as

---

[1] However, in <u>Wilkinson v. Dotson</u>, ___ U.S. ___, 125 S.Ct. 1242 (2005), the Supreme Court held that prisoners can challenge the constitutionality of state parole procedures in an action under Section 1983 seeking declaratory and equitable relief and are not required to seek relief exclusively under the federal habeas corpus statutes.

3

> sex offenders, that decision will not undermine the validity of their convictions or continuing confinement at all. The only benefit that a victory in this case would provide Neal and Martinez, besides the possibility of monetary damages, is a ticket to get in the door of the parole board, thus only making them <u>eligible</u> for parole consideration according to the terms of their sentences. If Neal and Martinez win, it will in no way <u>guarantee</u> parole or necessarily shorten their prison sentences by a single day. The parole board will still have the authority to deny the inmates' requests for parole on the basis of any of the grounds presently available to it in evaluating such a request. A victory in this case will not alter the calculus for the review of parole requests in any way. Because the inmates' challenges in this case do not necessarily imply the invalidity of their convictions or continuing confinement, it is properly brought under § 1983.

393 F.3d at 824. In <u>Docken v. Chase</u>, <u>id.</u>, the Ninth Circuit addressed a prisoner's petition for writ of habeas corpus challenging a parole board's refusal to provide him with annual review of his suitability for parole. After reviewing the cases, the Ninth Circuit reconciled <u>Neal</u> as holding only that Section 1983 was an appropriate remedy in that case, without reaching the issue of whether it was the exclusive remedy. 393 F.3d at 1030. The Ninth Circuit then addressed Docken's claim:

> In light of <u>Bostic</u> ... [i]t is certainly at least possible that Docken's suit would impact the duration of his confinement if the Board's actions in changing the frequency of his parole review violated the Ex Post Facto Clause.
>
> Of course, it is not certain that annual review would affect the duration of Docken's confinement, especially given Docken's designation as a 'dangerous offender.' We

4

> are ill-suited, however, to substitute our substantive analysis of the likely outcome of Docken's parole hearings for that of the Board. And, in any event, we find nothing in Ninth Circuit or Supreme Court precedent foreclosing habeas relief in such a case.
>
> Instead, we understand <u>Bostic</u>'s use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the <u>Preiser</u> Court. Such a reading follows from <u>Bostic</u> itself, which spoke of claims that are 'likely to accelerate the prisoner's <u>eligibility</u> for parole,' ... rather than those likely to accelerate the prisoner's release. Docken's central contention - that he is entitled to annual review - is even more related to the duration of his confinement that eligibility for parole in the abstract, and therefore appears at least as viable as the subject of a habeas petition as that which was before the court in <u>Bostic</u> and <u>Butterfield</u>.
>
> Ultimately, though Docken's claim may not be the kind of 'core' challenge the <u>Preiser</u> Court had in mind, the potential relationship between his claim and the duration of his confinement is undeniable. In such a case, we are reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent a clear indicia of congressional intent to do so. ....
>
> We therefore hold that when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, <u>could</u> potentially affect the duration of their confinement, such relief in available under the federal habeas statute. ....

393 F.3d at 1031.

Here, petitioner's contention that the allegedly erroneous classification bars him from eligibility for Level I camp placement and it's accelerated credit for time served could

5

1  potentially affect the duration of his sentence.  Consequently,
2  the court concludes that petitioner is entitled to proceed with
3  his claim in this action pursuant to habeas corpus under Section
4  2254.
5     ACCORDINGLY:
6     1.  The recommendation filed on August 22, 2005 is vacated.
7     2.  This action is remanded to the United States Magistrate
8  Judge for further proceedings.
9     IT IS SO ORDERED.
10 **Dated:  September 14, 2005**          /s/ Robert E. Coyle
   668554                          UNITED STATES DISTRICT JUDGE