UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDY LAVELL WILLIAMS, | ) | 1:05-CV-0761 LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| v. | ) | [Doc. #13] |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| MENDOZA-POWERS, | ) | OF HABEAS CORPUS |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated February 8, 2006, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Riverside, following his conviction on October 23, 2001, of false imprisonment, possession of a firearm by a convicted felon, and a sentence enhancement. See Exhibit B, Respondent's Motion to Dismiss Petition (hereinafter "Motion"). On January 4, 2002, Petitioner was sentenced to serve a determinate term of seven years in state prison. Id.

1   On January 8, 2002, Petitioner was received at the North Kern State Prison where prison
2   officials completed a case summary and computed Petitioner's classification score. See Exhibit C,
3   Motion. Petitioner's case summary noted the circumstances surrounding his convictions; in
4   particular, the summary included details that Petitioner had bound the victim with duct tape and
5   raped her. See Exhibit D, Motion. Because his commitment offense included acts equivalent to rape,
6   prison authorities placed an "R" suffix and the determinant "SEX" on Petitioner's classification
7   sheet.[1] See Exhibit E, Motion. Based on his classification, Petitioner was assigned to Avenal State
8   Prison. See Exhibit C, Motion.

9   On April 9, 2002, a unit classification committee held an initial classification review wherein
10  the committee considered and endorsed the "R" suffix. See Exhibit F, Motion. Because of the "R"
11  suffix, Petitioner was informed he was ineligible for family visits. Id. Petitioner agreed with the
12  decision, and the committee informed of his right to appeal. Id. According to prison regulations, an
13  inmate has 15 working days to appeal a unit classification committee action. Cal. Code Regs., tit. 15
14  § 3084.6(c).

15  Over a year later, in August of 2003, Petitioner submitted an inmate appeal requesting the
16  "R" suffix be removed. See Exhibit G, Motion. The appeal was rejected as untimely. Id.

17  On October 10, 2003, Petitioner filed a petition for writ of habeas corpus in Kings County
18  Superior Court. See Exhibit I, Motion. On October 17, 2003, the Superior Court denied the petition
19  finding Petitioner had failed to provide sufficient documentation to substantiate his claims. See
20  Exhibit J, Motion.

21  On January 27, 2004, Petitioner appeared before the unit classification committee for his
22  annual review. See Exhibit K, Motion. Petitioner's classification score was recalculated and the
23  committee granted Petitioner's request to remain in his present program at Avenal State Prison. Id.
24  On or about January 27, 2004, Petitioner submitted an inmate appeal again claiming the committee
25  had rejected his request to remove the "R" suffix from his file. See Exhibit L, Motion. He further

---

[1] As Respondent notes, the "R" suffix and "SEX" determinant were affixed for the purpose of notifying prison officials of an additional safety consideration, and also to limit his opportunity to re-offend. See Cal. Code Regs., tit. 15, §§ 3377.1(b), 3375.2(b)(22).

requested that all documents concerning a conviction for sex crimes be expunged from his C-file. Id. On January 28, 2004, the appeal's office returned Petitioner's appeal to him because he had failed to provide the proper supporting documentation. See Exhibit M, Motion. Petitioner attempted to resubmit his appeal twice, but each time the appeal was rejected as untimely. See Exhibits N and O, Motion.

On March 2, 2004, Petitioner filed a second petition for writ of habeas corpus in Kings County Superior Court. See Exhibit P, Motion. On March 11, 2004, the petition was denied for failure to state a prima facie case for relief. See Exhibit Q, Motion.

On April 15, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). See Exhibit R, Motion. On April 29, 2004, the 5th DCA rejected the petition. Id.

On June 7, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Exhibit S, Motion. The California Supreme Court rejected the petition on April 20, 2005. See Exhibit T, Motion.

On May 23, 2005, Petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated May 26, 2005, the action was transferred to the Eastern District of California. On June 13, 2005, the action was received in the Fresno Division. The petition challenges the "R" suffix attached to Petitioner's records.

On December 5, 2005, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

On January 24, 2006, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4

of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar to a motion to dismiss based on state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 23, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case pursuant to § 2244(d)(1)(D), the limitation period began running when Petitioner discovered the factual predicate of the claims presented, to wit, when the challenged "R" suffix and "SEX" determinant decisions became final. The "SEX" determinant decision was made on March 12, 2002, when the determinant was placed on Petitioner's classification score sheet. The "R" suffix classification decision was made on April 9, 2002, when the unit classification committee endorsed the "R" suffix. According to prison regulations, Petitioner had 15 days after each decision to appeal. See Cal. Code Regs., tit. 15 § 3084.6(c). Petitioner did not file a timely appeal. Therefore, the decisions became final no later than April 24, 2002, when the 15 day period for appealing the "R" suffix expired. See, e.g., Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on April 24, 2002. Under Section 2244(d)(1)(D), Petitioner had one year until April 24, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until May 23, 2005, over two years after the limitations period had expired.

In his objections, Petitioner argues that the factual predicate for his claims did not become known to Petitioner until August 2003 when he was notified that he was not eligible for camp placement and his classification score would remain at score 19 due to his "R" suffix. Petitioner's argument is not persuasive. The factual predicate for his claim became known or could have been

discovered on the date he was given the "R" suffix, not on the date he actually discovered the factual predicate and not on the date he realized some consequence therefrom. It was specifically stated in his case summary that he was ineligible for camp placement. See Exhibit D, Motion. Moreover, Petitioner had already filed several challenges to his "R" suffix and "SEX" determinant prior to August of 2003, so in fact he knew the factual predicate of his claim prior to August of 2003.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

In this case, the statute of limitations began to run on April 24, 2002, and expired on April 24, 2003.  Although Petitioner filed four collateral challenges with respect to the pertinent claim in state court, the petitions did not operate to toll the statute of limitations.  The first collateral challenge was filed on October 10, 2003.  Accordingly, Petitioner filed his first state habeas petition over five months after the limitations period had expired.  Because the limitations period had already expired, the collateral challenge had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

Petitioner also filed several inmate appeals commencing in August of 2003. These appeals were untimely; therefore, they did not operate to toll the statute of limitations. Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005).

Thus, the instant petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, -- U.S. –, 188 S.Ct. 60, 139 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner does not argue that there were any circumstances beyond his control which prevented him from timely complying with the limitations period. As there exists no circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely and must be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's motion to dismiss is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;
3. All pending motions are DISMISSED as moot; and
4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    February 15, 2006              /s/ Lawrence J. O'Neill**
b9ed48                                                        UNITED STATES MAGISTRATE JUDGE